## WINNIE O. DAVIS *v.* MARY T. GIBBS.

**Summons by Publication — Unknown Parties — Tax Title.**

Where in a proceeding to confirm a tax title to land "unknown parties" are made defendants, it is not necessary under section 1753 of the Code of 1871 for the court to make an order of publication in order to obtain jurisdiction.[1]

**Adverse Possession —· Enclosures.**

Where title is claimed by adverse possession, part of the premises so claimed being enclosed and cultivated, and part unenclosed and uncultivated, held that title is not acquired as to the unenclosed portion.

The following is a part of section 1753, Code of 1871, the construction of which is involved in this case.

---

[1]

Adverse possession for ten years of a part of an adjoining tract though claimed under the mistaken belief that it was within the calls of his own deed gives title. Jones *v.* Gaddis, 67 Miss. 761.

Cultivation of a part of a tract and acts of ownership over the remaining unenclosed portion without hindrance for ten years gives title to all. Gathings & Watson *v.* Miller, 76 Miss. 651.

A defendant in ejectment who relies upon possession alone to succeed must show the possession to have been adverse, and to have been continued

"Any person holding or claiming, under a tax title, lands heretofore or hereafter sold for taxes, when the period for redemption has expired, without redemption of the same, may proceed by bill in the Chancery Court of the county in which the land lies, to have such title confirmed and quieted, and shall set forth in his bill his claim under such tax sale, and the names and places of residence of all persons interested in the land, so far as known to complainant, or as he can ascertain by diligent inquiry; and where the names of persons in interest, or their places of residence are unknown, and have not been ascertained by diligent inquiry, the bill shall so state, and shall in all cases be sworn to; and where the names and places of residence of persons in interest shall be given, they shall be made parties defendant as in other cases in chancery; and where the bill shall show that the persons interested are unknown to complainant, and that he has made diligent inquiry for their names and could not obtain them, all persons interested may be made defendants by a notice addressed: 'To all persons having or claiming any legal or equitable interest in the following described land, sold for taxes on —————— day of ——————, A. D. 18—, viz.: (describing land as described in the tax collector's conveyance,)' and the notice shall state the nature of the suit, and require the appearance of all such parties in interest on the return day, not to be less than two months from the date of the order of publication as aforesaid: * * *."

This was an action of ejectment brought by Mary T. Gibbs against Winnie O. Davis for the possession of certain real estate, and was instituted June 7, 1884. The plaintiff deraigned her title as follows: Tax collector's deed conveying the property to J. G. Gibbs, the husband of plaintiff, dated January 2, 1872, said land being sold for the taxes of the year 1871; a decree of the Chancery Court rendered July 21, 1875, quieting and con-

for ten years in order to ripen into a title according to the Statute of Limitations. Hicks *v.* Steigleman, 49 Miss. 377.

The essential elements which are necessary to constitute an effective adverse possession are a hostile, actual, open and notorious, exclusive and continuous occupancy for the statutory period. McCaughn *v.* Young, 85 Miss. 277.

Actual occupation, cultivation, and residence are unnecessary to constitute actual possession in the sense of being adverse to the true owner where

firming said tax title; a deed from J. G. Gibbs to plaintiff dated November 12, 1881.

The answer of defendant shows: That the assessment-roll for the year 1871 was not filed with the board of supervisors until October 4th, and that same was never approved or corrected by the board; that when the decree confirming was obtained, the proceedings were instituted against "unknown parties," and that no order of publication was made by the court or by the clerk citing the "unknown parties" to appear and defend the suit, though a publication was made, and by reason of such failure the defendant contends that said decree was void and could be attacked collaterally; that the defendant and the ancestor through whom she claimed the land had been in open, uninterrupted, and adverse possession of the land for more than ten years next before the beginning of this suit.

The evidence shows that part of the land in controversy was enclosed and in cultivation and part of it unenclosed. The case was submitted to the court who gave a judgment for the plaintiff for the unenclosed land, but allowed defendant to retain possession of the enclosed portion. From this judgment defendant appealed, assigning as error the action of the court in giving judgment against her for the unenclosed land. The plaintiff also prosecuted a cross-appeal assigning as error the action of the court in not rendering a judgment in her favor for all the land in question.

APPEALED from Circuit Court of Grenada county, A. T. ROANE, Judge.

Affirmed, February 22, 1886.

*Attorneys for appellant, W. C. McLean.*

*Attorney for appellee, W. H. Fitzgerald.*

the land is so situate as not to admit of permanent, useful improvement, and the continued claim of possession is evidenced by public acts of ownership. McCaughn *v.* Young, 85 Miss. 277.

A mere scrambling possession is not sufficient to support a defense of the Statute of Limitations, under Code 1892, §§ 2730, 2731, 2734, barring all suits for the possession of land where defendant or those under whom he claims have been in the actual adverse possession thereof for ten years before plaintiff's cause of action accrued. Mitchell *v.* Bond, 84 Miss. 72.

Brief of W. C. McLean:

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

The next question which the record presents is: "Did the proceedings under section 1753, Code of 1871, to quiet and confirm the tax title, validate and settle the title?"

Our position is, that the decree is void, that the record upon its face shows that the decree was void, and that it can be attacked collaterally. If the decree was merely erroneous, then of course we cannot assail it in this suit; but being from the inspection of the record a nullity, we can so assail it.

The proceeding to quiet and confirm the title was a proceeding against an *unknown* party. The bill of complaint states: "That the land was assessed to unknown owners; that the complainant does not know and cannot ascertain the names of the owners, though he has made diligent inquiry to do so, and prays that publication be made for unknown parties.

This bill was filed May 17, 1875, and the final decree made July 22, 1875. The reason we urge against the validity of the decree is that an *order of publication* was not made for the "*unknown* parties," and that not having acquired jurisdiction the whole proceedings were void.

This bill was filed under section 1753, Code of 1871, and this section provides that "where the bill shall show that the persons interested are unknown to complainant \* \* \* all persons interested may be made defendants by a notice addressed to "all persons" \* \* \* and the notice shall state the nature of the suit and require the appearance of all such parties in interest, on the return day, not to be less than two months from *the date of the order of publication* aforesaid. This section, together with sections 1069 and 1013, Code of 1871, prescribe the mode of making unknown parties defendants in chancery proceedings. The method is this: That when it is made to appear to the chancellor or clerk in vacation by affidavit or otherwise that the party is a nonresident, or an unknown party, such chancellor or clerk in vacation *shall make an order directing* such absent or unknown party to appear and plead, etc., at the return day of the court therein to be made not less than two months after the date of the order, which *order* shall be published for four weeks in sections 1069, 1013, Code of 1871. Thus we see that an *order of court* must be made before the court can acquire jurisdiction and the order must be published; in fact

the jurisdiction over the person cannot be obtained until the order is published, and the court does not *even attempt* to acquire jurisdiction until the order is made. The record shows that no order of publication was made in this cause.

Did the failure to make the order make the whole proceeding void?

The decree was void — absolutely null because jurisdiction over the person was not obtained. That it is just as necessary for the court to have jurisdiction over the person as over the subject-matter, is a principle too well settled for debate. * * *

The rule is this: That whenever the court did not have jurisdiction of the subject-matter, or of the parties, and this want of jurisdiction is manifest from an inspection of the record, then the judment is void. Freeman on Judgments, § 116.

All the courts agree that such a judgment is an absolute nullity. A void judgment is no judgment in legal effect. By it no rights are diverted; no rights can be obtained; time will not improve it or cure its defects.

Does the decree under consideration come under this rule as laid down. * * * The *order of publication* was a *consideration precedent* to the court acquiring jurisdiction, and the whole record shows that such an order was never made. It is made by statute (Code of 1871), the duty of the clerk to keep a book in which the acts of the court and of the clerk in vacation are to be entered and the law will presume that if an order of publication was made that the court, or the clerk if made in vacation, performed the duty required by law and entered the order — but by introducing in evidence the minute-book, the book in which these minutes and orders were entered, and by law required to be kept, we prove by the record (not by parol) that such an order was not made; in other words the record *speaks for itself* and upon its face shows that jurisdiction was not obtained.

It is a well-settled rule that notice to unknown and nonresident parties by publication is an inferior mode of constructive service and a strict compliance with the statute in reference thereto is required. George's Miss. Digest, 637 (Process, 15); M. p. 901 (Chancery, 565, 566); M. p. 617, Probate Court, § 50, and authorities cited.

In Kerr *v.* Bevins, 1 S. & M. 584, this court held that when the statute required both publication in a newspaper and posting

at the courthouse door, if the latter be omitted, a decree *pro con-fesso* was void.   *   *   *

We have made an exhaustive research of the authorities to find an authority directly upon the point involved, and we find one " all fours " with the case at bar, and it holds that the decree is a nullity and may be attacked collaterally.  We refer especially to Galpin *v.* Page, 18 Wall. (U. S.) 350–373, where this identical question is learnedly and exhaustively discussed and the conclusion reached that the failure to make the order of publication rendered the decree a nullity and that the same could be collaterally attacked.  In the noted case of Pennoyer *v.* Neff, 95 U. S. 714 (in which a majority of the court held that a personal judgment rendered against a nonresident upon notice of publication was a nullity), Mr. Justice Hunt, in his dissenting opinion in referring to Galpin *v.* Page, *ubi supra,* says:  " The case of Galpin *v.* Page, in 18 Wallace, is cited in hostility to the views I have expressed. In the case as reported it is held that the title to the purchaser under a decree against a nonresident was invalid for two reasons: there was no jurisdiction under the statute of California on account of an entire absence of an affidavit of nonresidence and of diligent inquiry for the residence of the debtor.  And, second, the absence of an order of publication in Eaton's case; both of which are conditions precedent to the jurisdiction of the court to take any action on the subject."  Pennoyer *v.* Neff, 95 U. S. 744, 745.
*   *   *

This court, in Kerr *v.* Bowers, 1 S. & M. 588, in discussing this question, says that unless such compliance be shown affirmatively the proceedings will not be sustained.   *   *   *

Freeman on Judgments, § 127, says : "A publication made in the absence of any law authorizing it is the same in legal effect as no publication.  A judgment based upon it is void."  Referring to 4 Pet. 466; 9 Kan. 390.  The law which authorized the publication was the order, but there was no order; hence, in legal effect, no publication.   *   *   *

We do contend that where the record shows that the defendant is a nonresident, or an unknown party, then the record must show that those steps were taken which was a condition precedent to the court acquiring jurisdiction.  See authorities above cited, and Freeman on Judgments, § 1265, note, and § 127 and note.
*   *   *

But admitting that the tax deed is unassailable, and that the decree is valid, yet we ask for a reversal and judgment here for the whole land, because the evidence shows that appellant and her ancestor had been in open, adverse possession for ten years before suit. The tax sale was made January 2, 1872; the owner had two years from then in which to redeem; hence the Statute of Limitations was set in motion January 2, 1874. This suit was instituted June 7, 1884; and the fact that the tax title was confirmed did not stop the running of the statute. Bell *v.* Coates, 56 Miss. 779.

Plaintiff attempts to reply to the Statute of Limitations by introducing in evidence a lease from Robert Williams to Calib Williams, made in 1874, of 200 acres of the Buck Harrison place. Second, commissioners' deed made in September, 1872, to Robert Williams, which does not embrace the land in controversy; and, third, the partition deed between heirs of Robert Williams, showing that Mrs. Davis obtained the Buck Harrison place, and that the land in controversy is omitted. The rejoinder we make is, first, it is immaterial whether the land was occupied through mistake or not, for it is the possession which makes possession adverse without reference to the cause thereof. Metcalf *v.* Mc-Cutcheon, 60 Miss. 146. Second, while the petition deed between the heirs of Williams shows that by such deed Mrs. Davis did not acquire the land, yet it does not show that she does not own the land, nor that Robert Williams did not own and claim it — but on the other hand, the evidence shows that Calib Williams rented the land in controversy in January, 1871, from Robert Williams, and he, Robert Williams, then pointed out the lines, and that Calib occupied it continuously till the day of trial, while the deed from the commissioners to Robert Williams was not made till September, 1872, nearly two years after Robert Williams had rented to and placed Calib upon the land in controversy.

Brief of W. H. Fitzgerald :

The assignment of error of Mrs. Davis is that the court below erred in adjudging the " wild land " to plaintiff below and the assignment of plaintiff below is that she did not get all the land sued for.

Counsel for Mrs. Davis argues the invalidity of the tax deed from French to Gibbs upon the grounds:

First. That the assessment-roll was not presented to the board at the proper time.

Second. That the roll was never approved by the board.

Third. That the levy was made on same day the roll was presented.

Fourth. That the levy was excessive.

All of these objections are answered in Nevin v. Bailey et al., 62 Miss. 433, construing section 1709, Code of 1871. But for that section the deed would be void; but that section being a part of the Revenue Law of the State makes the deed good after the lapse of three years.   *   *   *

There is no pretense for saying that Mr. Williams ever claimed the land sued for. Mrs. Davis only interposed the claim that she acquired title by adverse possession. She supposed she had acquired title to the land because of the occupancy of eight acres of it by Calib Williams, tenant of her father, and afterward her own tenant on the " Harrison place." The court below decided that she having no color of title could only hold the eight acres held by Calib. Suit was brought for the entire eighty and judgment rendered for plaintiff for the eighty less the eight acres held by Calib Williams.   *   *   *

The court below admitted in evidence the other record in the confirmation case to contradict the decree, or rather to show that the Chancery Court was without jurisdiction because of the absence from the record of an order of publication. The records of the Chancery Court were searched for an order of publication and never was found and almost certainly none was ever in it. I think that inquiry was unnecessary and wrong, for two reasons: First, because the decree is conclusive evidence of title, and cannot be assailed, being regular on its face, on any account in a collateral proceeding.   *   *   *

But for the fact that that character of evidence is conclusive, the decree might be contradicted in its recital of jurisdiction by other parts of the record showing that the recital is not true. Upon that ground alone could it be assailed in any case. If the decree in this case can be assailed in that way in a collateral proceeding, then there is no difference between a decree confirming tax titles and other decrees, and the use of " conclusive evidence " means nothing. The recital of the decree that publication had been duly made is the highest evidence of that fact. The proof

of publication is not part of the record. Yerger *v.* Ferguson, 55 Miss. 196.

If I am wrong in my position that the decree is conclusive and if inquiries can be made of the balance of the record to show that its recitals are false, and if *an order* of publication was necessary, competent proof that there never was a record of such order, the decree would be void for want of jurisdiction of the parties. * * *

I insist, however, that no *order* of publication was necessary. The statute dispenses with an order of publication.

Section 578, Code of 1880, on that subject, is not subject to construction. It plainly says that the notice shall require the appearance of the party on the return day, not to be less than two months from *the date of the first publication.*.

Section 1753, Code of 1871, is substantially the same. * * *

I maintain that the court below erred in refusing to give plaintiff below judgment for the entire land sued for, notwithstanding it was shown that Calib held and occupied the eight acres for ten years. * * *

If Mr. Williams had been in the actual or constructive possession and delivered it to Calib as a part of the land rented, the holding of Calib as his tenant would have been for Mr. Williams, and at his death for his heirs. Mr. Williams made no mistake in the lease to Calib, and the lease is the only evidence of the transaction between Calib and himself, and it does not contain the eight acres. * * *

But Mr. Williams was never in possession, and by his contract of rent only put Calib in possession of the Harrison place. But as Calib did not claim the eight acres for himself, and his possession was not adverse to Mrs. Gibbs, or her vendor, possession of land without claim of title is not adverse. Adams *v.*. Guice, 30 Miss. 397; Snodgrass *v.* Andrews, 30 Miss. 472; 45 Miss. 193; 55 Miss. 671.

The deed of partition between the heirs-at-law of Robert Williams conveys the "Harrison place" to Mrs. W. O. Davis, the appellant, but particularly describes it by legal subdivisions as it is described in the deed from Lincoln, commissioner, to Mr. Williams. Mrs. Davis, therefore, did not acquire any interest in any contiguous lands that may have been supposed to belong to the Harrison place. * * *

OPINION.— CAMPBELL, J.:

In a suit under section 1753 of the Code of 1871, in which the defendants were unknown to the complainant, so described and proceeded against, no order of publication was required and the notice prescribed, and without any order of publication, when published as directed, was sufficient to give the court jurisdiction. If the defendants were known, and nonresident, or could not be found in this State, they were to be made parties as in other cases and an order of publication was required; and this explains the mention in the section of an " order of publication." The decree confirming the tax title was valid, and, therefore, precluded the inquiries relied on to defeat it.

The court rightly adjudged to the plaintiff below the land sued for outside of the enclosure, because as to that there had not been adverse possession; and to the defendant the enclosed land because as to it, there had been such possession long enough to bar recovery.

*Affirmed.*